**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF GINA CASELLA, et al., | CIVIL ACTION NO. 09-2306(MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. | |
| THE HARTFORD LIFE INSURANCE COMPANY, et al., | |
| Defendants. | |

**COOPER, District Judge**

Plaintiffs, the Estate of Gina Casella, Jennifer Lubalin, and Marissa Casella, commenced this action against defendants, The Hartford Life Insurance Company ("Hartford"), Inverness Medical Innovations, Inc. ("Inverness"), and Ralph Casella, inter alia, for a declaration that Marissa Casella is the proper beneficiary of a life insurance policy (the "Policy") of Gina Casella ("decedent").  (Dkt. entry no. 1, Compl.)  Hartford removed the action pursuant to 28 U.S.C. § 1441(b), on the basis that the Court has original subject matter jurisdiction because the Complaint relates to an Employee Welfare Plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.  (Dkt. entry no. 1, Rmv. Not.)  Defendants Hartford and Inverness now move separately, inter alia, to dismiss the state law claims asserted in the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule

of Civil Procedure ("Rule") 12(b)(6).  (Dkt. entry nos. 8, 9.) Ralph Casella has filed notice that he joins the separate motions.  (Dkt. entry no. 13.)  Defendants contend, inter alia, that the state law claims are preempted by ERISA, 29 U.S.C. § 1132(a).  (Dkt. entry no. 8, Inverness Br. at 4-9; dkt. entry no. 9, Hartford Br. at 3-5.)  For the reasons stated herein, the Court will (1) grant Inverness's motion, (2) grant Hartford's motion in part, and (3) dismiss the state law claims from the Complaint.

## BACKGROUND

Decedent obtained the Policy, carried by Hartford, upon the commencement of her employment with Inverness in March 2003. (Compl. ¶ 8.)  Decedent named her then-husband, Ralph Casella, as the primary beneficiary.  (Id.)  Decedent subsequently divorced Ralph Casella in November 2007, and sent a "Supplemental Life, AD&D, & LTD Insurance Enrollment Form" ("beneficiary change form") to Inverness, indicating her wish to change the Policy's primary beneficiary to her daughter, Marissa Casella.  (Id. ¶ 12; id., Ex. B.)  Decedent, however, did not sign the beneficiary change form, as required by the Policy, but nevertheless was under the impression that the change had been completed and was not notified otherwise.  (Id. ¶¶ 12-14; id., Ex. B; dkt. entry no. 9, Destribats Decl., Ex. B at 38 (stating "[d]esignations will become effective as of the date [the policy holder] signed

and dated the [change of beneficiary] form.").) Decedent passed away on October 14, 2008. (Compl. ¶ 16.) Upon her death, Hartford distributed the proceeds of the Policy to Ralph Casella. (Id. ¶ 17.)

Plaintiffs filed the Complaint on March 30, 2009, asserting, inter alia, that (1) Marissa Casella is the rightful beneficiary of the Policy, (2) Hartford breached the contract, and was negligent, by paying the proceeds of the Policy to Ralph Casella, rather than Marissa Casella, and (3) Inverness was negligent by failing to notify decedent that the beneficiary change form was invalid. (Id. ¶ 18-36.) Inverness and Hartford now move separately to dismiss the Complaint, arguing, inter alia, that the state law claims are preempted by ERISA. (Inverness Br. at 4-9; Hartford Br. at 3-5.) Ralph Casella joins in the separate motions. (Dkt. entry no. 13.) Plaintiffs have not opposed the motions.

## DISCUSSION

### I.  12(b)(6) Motion to Dismiss Standard

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss, a court generally must accept as true all of the factual allegations in the complaint, and must draw all reasonable inferences in favor of the plaintiff. Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394

F.3d 126, 134 (3d Cir. 2004); Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).  A court, however, need not credit bald assertions or legal conclusions alleged in the complaint.  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citation omitted). While plaintiffs are not required to plead all the facts serving as a basis for the claim, the complaint must "provide the opponent with fair notice of a claim and the grounds on which that claim is based."  Kanter, 489 F.3d at 175; see also Allia v. Target Corp., No. 07-4130, 2008 WL 1732964, at *3 (D.N.J. Apr. 10, 2008).

Although plaintiffs have failed to oppose the separate motions, the Court must address unopposed motions to dismiss a complaint on the merits.  Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991); see Marcial v. Rawl, No. 94-6709, 1995 U.S. Dist. LEXIS 922, at *2 n.1 (E.D. Pa. Jan. 26, 1995) (stating under Stackhouse "that a motion to dismiss is unopposed does not allow [a court] to fail to consider whether the complaint sets forth a viable cause of action").

4

**II.  The State Law Claims**

ERISA contains a broad preemption clause providing that ERISA shall "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 44-45 (1987).  With this provision, Congress intended:

> to ensure that plans and plan sponsors would be subject to a uniform body of benefits law; the goal was to minimize the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government . . ., and to prevent the potential for conflict in substantive law . . . requiring the tailoring of plans and employer conduct to the peculiarities of the law of each jurisdiction.

N.Y. Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 656-57 (internal citations and quotations omitted); see Kollman v. Hewitt Assocs., LLC, 487 F.3d 139, 148 (3d Cir. 2007).

The preemption clause is not limited to "state laws specifically designed to affect employee benefit plans."  Pilot Life, 481 U.S. at 47-48 (quoting Shaw v. Delta Airlines, 463 U.S. 85, 98 (1983)).  The term "relate to" has been construed broadly to preempt a broad range of state law claims.  See Ingersoll-Rand Corp. v. McClendon, 498 U.S. 133 (1990) (state law tort and breach of contract theories preempted by ERISA); Pilot Life, 481 U.S. 41 (1987) (breach of contract, breach of duty, and fraud claims preempted by ERISA); Pane v. RCA Corp., 868 F.2d 631 (3d

5

Cir. 1989) (breach of contract and bad-faith insurance practices claims preempted by ERISA); Schmelzle v. Unum Life Ins. Co. of Am., No. 08-0734, 2008 U.S. Dist. LEXIS 63627, at *8-*9 (D.N.J. July 31, 2008) (breach of contract, breach of fiduciary duty, fraud, and negligence claims preempted by ERISA); Pryzbowski v. U.S. Healthcare, 245 F.3d 266, 278 (3d Cir. 2001) (negligence claim preempted by ERISA); Alston v. Atl. Elec. Co., 962 F.Supp. 616, 624 (D.N.J. 1997) (breach of contract, negligent misrepresentation, and fraud claims preempted by ERISA).

    To decide whether a plaintiff's state law claims are preempted, a court must first determine if the defendant had an ERISA benefit plan.  See Pane v. RCA Corp., 667 F.Supp. 168, 170 (D.N.J. 1987), aff'd, 868 F.2d 631 (3d Cir. 1989).  A court must then analyze whether the state law claims "relate to" that plan. See id.

    ERISA covers those employee plans that qualify as welfare benefit plans, pension benefit plans, or both.  29 U.S.C. § 1002(3); Alston, 962 F.Supp. at 622.  An employee welfare benefit plan is defined as any plan or fund established by an employer "for the purpose of providing for its participants or beneficiaries . . . benefits in the event of sickness, accident, disability, [or] death."  29 U.S.C. § 1002(1).  Life insurance plans are included within the ambit of employee welfare benefit plans.  Egelhoff v. Egelhoff, 532 U.S. 141, 144 (2001); Daniels

6

v. Thomas & Betts Corp., 263 F.3d 66, 69 (3d Cir. 2001). The Policy here is classified as an employee welfare benefit plan and is governed by ERISA. (See Destribats Decl., Ex. B at 47-50 (detailing policy holder's rights under ERISA, including right to bring suit in federal court under ERISA).) The focus of the Court's analysis therefore is whether the state law claims "relate to" that ERISA plan.

 A claim is "related to" an ERISA benefit plan if it looks to or affects the terms of that plan. Shulman v. Hosposable Prods., No. 89-4822, 1991 WL 160340, at *2 (D.N.J. Aug. 12, 1991) (citations omitted). If the claim asserted depends on the existence of the plan, then it is related to that plan. See Ingersoll, 498 U.S. at 483 (concluding that, because the existence of an ERISA plan was a critical factor in establishing liability, and because the court's inquiry would be directed to the plan, the suit was "related to" an ERISA plan, and hence was preempted); Bellemead Dev. Corp. v. N.J. State Council of Carpenters Benefit Funds, 11 F.Supp.2d 500, 509 (D.N.J. 1998) ("[A] state law is preempted if it has a connection with an employee plan in the sense that it mandates employee benefit structures or their administration or provides alternative enforcement mechanisms.") (internal quotation and citation omitted).

Plaintiff asserts three state law claims: (1) breach of contract against Hartford (Compl. ¶¶ 26-28, Third Count); (2) negligence against Hartford (id. ¶¶ 29-32, Fourth Count); and (3) negligence against Inverness (id. ¶¶ 33-36, Fifth Count). All of the state law claims relate to the Policy as they stem from the payment of the Policy proceeds to Ralph Casella, rather than Marissa Casella. The breach of contract claim arises from Hartford's failure to pay the proceeds of the Policy to Marissa Casella. (Id. ¶¶ 27-28.) The negligence claim against Hartford asserts that Hartford breached a duty by paying the proceeds to Ralph Casella. (Id. ¶¶ 30-31.) The negligence claim against Inverness alleges Inverness breached a duty by failing to notify decedent that the change of beneficiary form was invalid because it was not signed. (Id. ¶¶ 34-35.)

Establishing liability under each of the claims depends on the existence of the Policy which is part of an ERISA plan. Plaintiffs' goal is to recover the proceeds claimed under the Policy. The Court finds that the claims asserted by plaintiffs are "related to" ERISA as defined by the case law interpreting that statute. See, e.g., Ingersoll, 498 U.S. at 483; Pilot Life, 481 U.S. at 47-48; Shulman, 1991 WL 160340, at *2; Dunlap v. Ormet Corp., No. 08-65, 2009 U.S. Dist. LEXIS 22346, at *5 (N.D. W. Va. Mar. 19, 2009) (finding decedent's wife's negligence and breach of fiduciary duty claims regarding improper change of

beneficiary to be preempted by ERISA.); Daughtry v. Bridsong Peanuts, 168 F.Supp.2d 1287, 1293 (M.D. Ala. 2001) (finding negligence and breach of contract claims related to decedent's attempt to change beneficiary designation to be preempted by ERISA); 29 U.S.C. § 1144(a).  State law claims that relate to ERISA are preempted by ERISA.  29 U.S.C. § 1144(a).  The Court thus finds that the Third Count, Fourth Count, and Fifth Count of the Complaint are preempted by ERISA and must be dismissed.

### III. The Estate's Standing

Hartford contends that decedent's estate, a party by and through executrix Jennifer Lubalin, lacks standing under ERISA as it was not a beneficiary or participant of the Policy, and has suffered no injury.  (Hartford Br. at 5-6.)  To have standing to bring an ERISA action, a plaintiff must be either a "participant" or a "beneficiary" of an ERISA plan.  29 U.S.C. § 1132(a)(1)(B). A "participant" is defined as any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.  Id. § 1002(7).  The Court finds that decedent's estate has standing to sue as it is a representative of decedent, a participant in the ERISA plan, and notes that decedent made the request to change the beneficiary before she died.

9

**CONCLUSION**

For the reasons discussed <u>supra</u>, the Court will dismiss the Third Count, Fourth Count, and Fifth Count of the Complaint. The Court will issue an appropriate Order and Judgment.

                                                s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:   August 11, 2009